**ROBINS INDUSTRIES CORP., Plaintiff-Appellant,**

v.

**DAVID RIEMER CO., Inc., Defendant-Appellee.**

No. 131, Docket 27450.

United States Court of Appeals
Second Circuit.

Argued Jan. 7, 1963.

Decided Jan. 15, 1963.

890

Michael S. Striker, New York City (Harry Price, New York City, of counsel), for plaintiff-appellant.

Samuel J. Stoll, Jamaica, N. Y., for defendant-appellee.

Before CLARK, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a dismissal of his complaint alleging claims for unfair competition and patent infringement.

The patent in issue relates to a device used in the splicing of magnetic recording tape. In one operation the machine cuts the ends of two pieces of recording tape to be joined, at an oblique angle. After adhesive splicing tape is manually applied to the joint of the magnetic tape, the patented machine trims off the excess of the splicing tape in the form of an "arcuate" or "Gibson Girl" cut; this is designed to prevent jamming of the tape recorder or a tape back-player. Defendant imports the same splicer from Japan; there is no doubt it is an exact copy.

The appellant agrees that its action for unfair competition must fail. Although its assertion that defendant's imported splicer is a copy is uncontestable, there must nonetheless be proof of confusion of source. See Hygienic Specialties Co. v. H. G. Salzman, Inc., 302 F.2d 614, 619 (2d Cir., 1962).

Appellant's claim for patent infringement was properly dismissed by Judge Sugarman. The operation of cutting and splicing tape is a simple one which can be accomplished without special tools. The Alonge Splicer under the Simpson patent No. 2,660,221 of 1953 did the job, was commercially advertised, and sold long before the patent in suit, Simon No. 2,778,420. The only question is whether the Simon patent was enough of an improvement over the earlier device to constitute invention. Judge Sugarman found there was insufficient invention beyond the prior art, and we affirm for the reasons set forth in his opinion, reported at 198 F.Supp. 921 (S.D.N.Y.1961).